IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US RISK INSURANCE GROUP, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:11-cv-2843-M-BN | |
| § | | |
| UNITED STATES RISK § | | |
| MANAGEMENT, LLC, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant United States Risk Management ("Defendant" or "USRM") seeks to exclude Plaintiff US Risk Insurance Group, Inc.'s ("Plaintiff" or "USRIG") expert on confusion, James T. Berger. *See* Dkt. No. 119. The District Court has referred this case to the undersigned magistrate judge for pretrial management, including recommendations on expert motions. *See* Dkt. No. 96. The undersigned makes the following recommendation on Defendant's motion to exclude Mr. Berger [Dkt. No. 119].

**Background**

Plaintiff brought the instant action against Defendant, seeking damages and injunctive relief for claims related to trademark infringement, false designation of origin and false advertising, cancellation of registration, unfair competition, trademark dilution, and unjust enrichment. *See* Dkt. Nos. 1 & 37. Based on these claims, the jury may have to determine, among other issues, whether a likelihood of confusion between Plaintiff's mark and Defendant's mark exists. *See Amazing Paces, Inc. v. Metro Mini*

*Storage*, 608 F.3d 225, 235-36 (5th Cir. 2012).

Defendant argues that Plaintiff's proffered expert on confusion, James T. Berger, should be excluded because Plaintiff failed to properly designate him under Fed. R. Civ. P. 26(a)(2) and because he does not qualify as an expert under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny. *See* Dkt. No. 119-1 at 5-6, 10-11. Plaintiff does not deny that it did not submit an expert report for Mr. Berger, but Plaintiff contends that Defendant designated Michael Owens as an expert witness to refute plaintiff's allegations regarding confusion and that, accordingly, Plaintiff designated Mr. Berger as a rebuttal expert witness. *See* Dkt. No. 130 at 1-2. Plaintiff makes these assertions despite the fact that Defendant did not designate Mr. Owens as an expert witness. *See* Dkt. No. 119-3 at 5. Nevertheless, Plaintiff maintains the position that, due to the subject matter of Mr. Owen's proposed testimony and the fact that Mr. Owens "does not have any first-hand knowledge of the incidents of confusion or any of the first-hand knowledge fact knowledge [sic] of plaintiff's allegations of confusion, any testimony he would provide must be considered expert testimony," Defendant is trying to "veil this expert [Mr. Owens] as a fact witness." Dkt. No. 130 at 1. As a result, and "[o]ut of an abundance of caution," Plaintiff designated Mr. Berger as a rebuttal expert to Mr. Owens's alleged expert testimony. *Id.*

**Legal Standards and Analysis**

Plaintiff failed to file an expert report for Mr. Berger. If Plaintiff intends to offer Mr. Berger as an expert witness, Plaintiff must comply with Fed. R. Civ. P. 26(a)(2) and provide a written report containing the required information. Under the current

Scheduling Order's terms, Plaintiff was required to designate its experts on any issue on which it has the burden of proof by April 26, 2013 and to designate any responsive experts by May 27, 2013. *See* Dkt. No. 63. Plaintiff has admittedly failed to do so.

While Plaintiff contends that its actions are appropriate because Mr. Berger is a rebuttal expert, under the current circumstances in this case, the undersigned cannot agree that Mr. Berger is a rebuttal expert. If Mr. Owens is indeed a lay witness, Mr. Berger cannot, by definition, be a rebuttal expert. *See R&O Construction Co. v. Rox Pro Int'l Group, Ltd.*, No. 2:09-cv-1749, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011). That is, if Mr. Owens is not offering an expert report or expert testimony, Mr. Berger's testimony and/or report cannot be related to "new unforeseen facts brought out" by Mr. Owens's expert report. *Id.* Rather, Mr. Berger's testimony is more probably being offered to "contradict an expected and anticipated portion of [Defendant's case]," and therefore, Mr. Berger "is not a rebuttal witness or anything analogous to one." *Id.* (citations omitted).

However, in light of the parties' October 10, 2013 Joint Status Report setting forth trial dates no earlier than April 2014, *see* Dkt. No. 137, the undersigned is not convinced that the Court's scheduling order should not be amended to permit Plaintiff to file an expert report for Mr. Berger, should it wish to designate him as an expert witness. When the deadline for designating an expert witness has passed, the Court must determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). In making this determination, the Court assesses four factors: "(1) the

explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989)).

The undersigned finds that good cause exists to modify the scheduling order. Plaintiff identified Mr. Berger once it received notice of Mr. Owens's testimony, which, regardless of Defendant's contentions to the contrary, Plaintiff believed to be expert testimony. Defendant argues that good cause does not exist to modify the Scheduling Order expert designation dates and that Mr. Berger should be excluded because: (1) Mr Berger failed to prepare a report; (2) the prejudice to Defendant could not be cured in light of the current deadline to challenge the admissibility of experts, which has passed; (3) the "current" September 16, 2013 trial date would be upset; and (4) Plaintiff intentionally chose not to have Mr. Berger prepare a report. *See* Dkt. No. 119-1 at 6. The undersigned is not persuaded by these arguments, especially in light of the fact that the earliest potential trial date that the parties most recently offered is April 2014. *See* Dkt. No. 137. Additionally, modifying the dates in the Scheduling Order obviates almost all of Defendant's concerns without upsetting an April 2014 trial date. As such, the undersigned recommends granting leave, pursuant to Fed. R. Civ. P. 16, to alter the deadlines as follows.

Defendant must affirm by **November 22, 2013** that Mr. Owens will remain a lay witness. If Defendant chooses to designate Mr. Owens as an expert witness, it is granted leave to do so, but it must do so – and properly designate him, including

-4-

submitting any required expert report – by **December 9, 2013**. Should Defendant decide to designate Mr. Owens as an expert, Plaintiff must properly designate Mr. Berger as a rebuttal expert, including submitting any required rebuttal expert report, by **January 9, 2014**. If Defendant decides to maintain the position that Mr. Owens's testimony will not be expert testimony and affirms that he is a lay witness, Plaintiff is granted leave to properly designate Mr. Berger as an initial expert witness, but Mr. Berger's testimony will be limited to those areas that Plaintiff has previously stated that Mr. Berger will discuss. Plaintiff must submit such a designation by **December 9, 2013**. Finally, if Defendant affirms that Mr. Owens is a lay witness, Plaintiff may simply re-designate Mr. Berger as a lay witness. If any designations are made under these amended deadlines, all motions challenging any of these expert witnesses designated under the amended deadlines must be filed by **February 10, 2014**.

The undersigned notes that this recommendation does not constitute a ruling on the admissibility of Mr. Berger's – or Mr. Owens's – testimony or report as expert testimony. That must still be evaluated under *Daubert* and the Federal Rules of Evidence, if challenged. Without a report or other information by which to evaluate the experts, the undersigned finds that no such ruling can effectively be made at this time. Thus, to the extent that Defendant argued Mr. Berger should be excluded based on *Daubert* and its progeny, the Defendant's motion should be denied without prejudice.

## Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's Motion in Limine to Exclude US Risk Insurance Group, Inc.'s Confusion Expert, James T. Berger [Dkt. No. 119] be denied without prejudice, consistent with the above findings. Moreover, the undersigned recommends that the deadlines in the case be amended and modified as follows:

1. Defendant shall affirm Mr. Owens's will be a lay witness by **November 22, 2013**. If Mr. Owens's is re-designated as a confusion expert, his designation, including any expert report, shall be submitted by **December 9, 2013**, and a responsive designation of Mr. Berger shall be made by **January 9, 2014**.

2. If Mr. Owens is a lay witness, Plaintiff may designate Mr. Berger as an initial expert witness, with his testimony limited to those areas previously designated, and his designation, including any required expert report, shall be submitted by **December 9, 2013**.

3. All motions challenging any expert witnesses designated under these amended deadlines must be filed by **February 10, 2014**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 30, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE