UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U. S. RISK INSURANCE GROUP, INC. | * | CIVIL ACTION NO.: |
| | * | |
| | * | 3:11-CV-02843-M-BN |
| VERSUS | * | |
| | * | |
| | * | |
| UNITED STATES RISK MANAGEMENT, L.L.C. | * | |
| | * | |
| | * | |
| * * * * * * * * | * | |

## UNITED STATES RISK MANAGEMENT, L.L.C AND C. JIM ROMIG, CPA'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION PROPOUNDED TO JIM ROMIG, CPA

NOW COMES, UNITED STATES RISK MANAGEMENT, L.L.C. AND C. JIM ROMIG, CPA, (collectively "Responding Party") and respond to the Subpoena to Produce Documents, Information, or to Permit Inspection of Premises in a Civil Action pursuant to Fed. R. Civ. P. 45 propounded on C. Jim Romig, CPA.

Respectfully submitted,

**FORD, NASSEN & BALDWIN PC**

By: /s/Joseph L. Mira
Joseph L. Mira (SBN 24002614)
8080 North Central Expressway, Suite 1600
Dallas, Texas 75206
Telephone: (214) 523-5132-4200
Facsimile: (214) 521-4601

~*and*~

US Risk Management's Response to Subpoena To Produce
Documents, et al Propounded to Jim Romig, CPA
134749.2/2968.002

1 | Page

        GALLOWAY, JOHNSON, TOMPKINS,
        BURR & SMITH
        Larry G. Canada (SBN 00789087)
        Richard E. King (Pro Hac Vice)
        David M. Moragas (Pro Hac Vice)
        1301 McKinney Street, Suite 1400
        Houston, Texas 77010
        Telephone: (713) 599-0700
        Facsimile: (713) 599-0777

        **COUNSEL FOR DEFENDANT,**
        **UNITED STATES RISK MANAGEMENT,**
        **L.L.C, and C. JIM ROMIG, CPA**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24th, 2014, a true and correct copy of the foregoing was sent to all counsel of record as follows:

*<u>Via Pacer and Facsimile (214) 462-6401</u>*
**VICTOR C. JOHNSON**
**DYKEMA GOSSETT, PLLC**
1717 Main Street, Suite 4000
Dallas, Texas 75201

                /s/ Joseph L. Mira
                Joseph L. Mira

## OBJECTIONS AND RESPONSES TO REQUESTS

1. Produce all communications related to the compilation of Defendant's financial statements.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "all communications related to the compilation of Defendant's financial statements" is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

2. Produce all documents reviewed, accessed, relied upon or created by your in your compilation of Defendant's balance sheets, income statements, audited financial statements or unaudited financial statements or in your work for Defendant.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "all documents reviewed, accessed, relied upon or created by your in your compilation of Defendant's balance sheets, income statements, audited financial statements or unaudited financial statements or in your work for Defendant" is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

3. Produce all financial statements compiled by you or on your behalf for Defendant from January 1, 2003 until present, including but not limited to any financial statements associated with any predecessors or subsidiaries of Defendant.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-*

*Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "any financial statements associated with any predecessors or subsidiaries of Defendant" is overly broad and unduly burdensome and objects because the information sought by this Request is not relevant nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

4.      Produce all documents bearing any of Defendant's marks.

**RESPONSE:**      Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Subject to the foregoing objections and without waiving same, Responding Party states that after a diligent search, there are no documents responsive to this request. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2. Subject to the foregoing objections and without waiving same, Responding Party states that after a diligent search, there are no documents responsive to this request.

5.      Produce all documents relating to any business you have conducted with Defendant.

**RESPONSE:**      Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "all documents relating to any business you have conducted with Defendant" is overly broad and unduly burdensome and objects because the information sought by this Request is not relevant nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Responding Party further objects to the extent that this Request is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding

Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

6. Please produce any and all audited or unaudited financial statements produced by you on behalf of Defendant for any purpose.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "any and all audited or unaudited financial statements produced by you on behalf of Defendant for any purpose" is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

7. Please produce any documents or communications related to Defendant's financials, including but not limited to any documents associated with Defendant's business provided to you.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "any documents or communications related to Defendant's financials, including but not limited to any documents associated with Defendant's business provided to you" is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party objects because the information sought by this Request is not relevant nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

8. Produce all of your communications with Defendant relating to Plaintiff, Plaintiff's Marks, or the Lawsuit.

**RESPONSE:** Responding Party objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2. Subject to the foregoing objections and without waiving same, Responding Party states that after a diligent search, there are no documents responsive to this request.

9. Produce all of your communications with any of Defendant's attorneys, including Larry G. Canada; Richard E. King; David M. Moragas; Galloway, Johnson, Tompkins, Burr & Smith; Joseph Mira; David D. Ritter; or Kane Russell Coleman & Logan P.C. ("Defendant's attorneys")

**RESPONSE:** Responding Party objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2. Subject to the foregoing objections and without waiving same, Responding Party states that after a diligent search, there are no documents responsive to this request.

10. Produce a copy of your current *CV* or resume.

**RESPONSE:** Responding Party objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2. Subject to the foregoing objections and without waiving same, Responding Party states that after a diligent search, there are no documents responsive to this request.

11. All documents between You and Defendant concerning use of the word "U.S. Risk" or "US Risk" or any of the Defendant's Marks.

**RESPONSE:** Responding Party objects to the extent that the Request for "All documents between You and Defendant concerning use of the word "U.S. Risk" or "US Risk" or any of the Defendant's Marks" is confusing, overly broad and unduly burdensome. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2. Responding Party further states that after a diligent search, there are no documents responsive to this request.

12. Produce all agreements between You and Defendant or Defendant's attorneys.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "all agreements between You and Defendant or Defendant's attorneys" is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party objects because the information sought by this Request is not relevant nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal.

1995). Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

13. Produce all documents which record, refer to, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by You or any person acting for or on behalf of You regarding any issues involved in the Lawsuit.

**RESPONSE:** Responding Party objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2. Responding Party further states that after a diligent search, there are no documents responsive to this request.

14. A copy of all QuickBooks or Quicken data you received from the Defendant from January 1, 2003 until present.

**RESPONSE:** Responding Party objects to this Request to the extent that it is overly broad, unduly burdensome and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party further objects to the extent that the Request for "all QuickBooks or Quicken data you received from the Defendant from January 1, 2003 until present" is overly broad and unduly burdensome as it is not limited to any relevant period of time related to this case. Responding Party objects because the information sought by this Request is not relevant nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

15. A copy of all draft and finalized tax returns prepared for Defendants from January 1, 2003 until present.

**RESPONSE:** Responding Party objects to "all draft and finalized tax returns prepared for Defendants" as this Request in that it is overly broad and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *see Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992). Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Plaintiff alleges that the consuming public is likely to be confused or deceived by the presence of Plaintiff's and Defendant's marks in the marketplace. Responding Party further objects because the information sought by this Request is not relevant

nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court. Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.

16. A copy of all information Defendants provided you related to draft and finalized tax returns prepared for Defendants from January 1, 2003 until present.

**RESPONSE:** Responding Party objects to "all information Defendants provided you related to draft and finalized tax returns prepared for Defendants from January 1, 2003 until present" as this Request in that it is overly broad and amounts to an impermissible "fishing expedition" in violation of Rule 26(b) of the Federal Rules of Civil Procedure and the holdings in *Exxon Corp. v. Crosby-Miss. Res., Ltd.,* 40 F.3d 1474, 1488 (5th Cir. 1995) (denying discovery request because the request constituted a request to conduct a fishing expedition); *see Robbins v. Amoco Prod. Co.,* 952 F.2d 901, 907 (5th Cir. 1992). Responding Party has already provided tax returns and financial information for the relevant years as previously ordered by the Court and as agreed to by counsel. Plaintiff alleges that the consuming public is likely to be confused or deceived by the presence of Plaintiff's and Defendant's marks in the marketplace. As such, Responding Party further objects because the information sought by this Request is not relevant nor calculated to lead to the discovery of admissible evidence and as such is also an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Responding Party further objects to the extent that this Request seeks confidential or proprietary information. Responding Party further objects as such subpoena requires Responding Party to comply and produce documents outside the 100 mile requirement imposed by Fed R. Civ. P. 45 (c) 2.