## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **U. S. RISK INSURANCE GROUP, INC.** | * | **CIVIL ACTION NO.: 11-2843-M** |
| | * | **c/w 11-255-M** |
| | * | |
| **VERSUS** | * | **JURY TRIAL DEMANDED** |
| | * | |
| | * | |
| **UNITED STATES RISK MANAGEMENT,** | * | |
| **L.L.C.** | * | |
| | * | |
| *   *   *   *   *   *   * | * | |

### UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG

**JOSEPH L. MIRA (State Bar No. 24002614)**
**FORD, NASSEN & BALDWIN, PC**
8080 North Central Expressway, Suite 1600
Dallas, Texas  75206
Telephone:     (214) 523-5132
Facsimile:      (214) 521-4601
jlmira@fordnassen.com

*~and~*

**LARRY G. CANADA (00789087)**
**DAVID M. MORAGAS (*Pro Hac Vice*)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
1301 McKinney Street, Suite 1400
Houston, Texas 77010
Telephone: (713) 599-0700
Facsimile: (713) 599-0777
lcanada@gjtbs.com
rking@gjtbs.com
dmoragas@gjtbs.com
*Counsel for Defendant,*
*United States Risk Management, L.L.C.*

# TABLE OF CONTENTS

**UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG** ...............................................................................1

    I.   Background ...........................................................................................1

    II.   Discovery Dispute.................................................................................3

    III.  Law and Argument ...............................................................................4
         A)   Objection to the Motion being Heard by this Court.........................4
         B)   Response to Plaintiff's Motion to Compel. .....................................4

    IV.  Conclusion............................................................................................7

TABLE OF AUTHORITIES...................................................................................II

APPENDIX

## TABLE OF AUTHORITIES

**Cases**

*In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151 (E.D. Pa. 2009)................6

*In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151 (E.D. Pa. 2009)................7

*See Mailhoit v. Home Depot, USA, Inc.*, 285 F.R.D. 566 (C.D. Cal. 2012)....................................5

*See Rivertree Landing, LLC v. Murphy*, 2007 WL 3333357 (M.D. Fla, Nov. 9, 2007.................3

**Rules**

Fed. R. Civ. P. (c)(2), ....................................................................................................................4

Fed. R. Civ. P. 37(a)(1), ................................................................................................................6

Fed. R. Civ. P. 45 (c) 2 ..................................................................................................................4

Fed. R. Civ. P. 45(d)(2)(B)(i), .......................................................................................................3

Fed. R. Civ. P. 45(d)(B)(i)..............................................................................................................4

Fed. R. Civ. P. 45(d)(B)(i),.........................................................................................................4, 7

Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE...................................................................4

Rule 26(b)(2)(C)..............................................................................................................................4

Rule 34(b) .......................................................................................................................................4

Rule 34(b)(1)(A)..........................................................................................................................5, 7

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **U. S. RISK INSURANCE GROUP, INC.** | \* | **CIVIL ACTION NO.: 11-2843-M** |
| | \* | **c/w 11-255-M** |
| | \* | |
| **VERSUS** | \* | **JURY TRIAL DEMANDED** |
| | \* | |
| | \* | |
| **UNITED STATES RISK MANAGEMENT,** | \* | |
| **L.L.C.** | \* | |
| | \* | |

\*    \*    \*    \*    \*    \*    \*    \*

## UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, United States Risk Management, LLC ("USRM"), files this Response, Objection and Memorandum in Opposition to Plaintiff's Motion to Compel Financial Data By C. Jim Romig (hereinafter sometimes "Responding Party") and would respectfully show the court as follows:

### I.    Background

This is a trademark infringement lawsuit between two companies in entirely different lines of work.  USRM is a Louisiana Limited Liability Company located in New Orleans, Louisiana that is in the business of technical consulting in the field of environmental science; environmental testing and inspection services, namely environmental sampling and analysis

UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG
135637.1

1

services; analysis of water and air quality; providing information in the field of collection of evidence for forensic purposes; assessment services in the field of environmental compliance; and toxicology services. USRM does not sell any products and is not in the business of selling or brokering insurance.

Plaintiff and Movant, U.S. Risk Insurance Group, Inc.'s ("USRIG"), on the other hand is a specialty lines underwriting manager and wholesale broker providing "insurance underwriting, insurance brokerage, insurance administration and insurance claims management services."[1] The services offered by USRM are entirely separate and distinguishable from those offered by USRIG and there is no overlap between the lines of business.

On October 21, 2011, USRIG filed its Complaint followed by its amending complaint a year later. USRIG has been and is unable to produce a scintilla of evidence, through discovery, depositions, Initial Disclosures, or otherwise to show that it sustained any damages as a result of USRM's alleged infringement particularly in light of the stark differences in the types of work performed and services offered by the two companies and how the two parties obtain their clients. USRIG now seeks to compel USRM and USRM's accountant, Jim Romig ("Romig") to produce financial data that has already been produced by agreement of counsel. USRIG's subpoena to Mr. Romig is an attempt to do an end-around the agreement by the parties to produce the financial documents already produced and is nothing more than an attempt to harass USRM and its accountant. In fact, Plaintiff's expert has already issued his report regarding alleged financial damages, so the need for such information being subpoenaed by Plaintiff is overly burdensome, overbroad, harassing and duplicative and for the reasons discussed herein, is not discoverable. Supplementation of additional discovery documents as required by the Rules

UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG

135637.1

2

has been made as of the filing of this response. Plaintiff's attempt to tie this motion to any prior motion to compel filed by Plaintiff is clearly an attempt to inflame the Court. Finally, as required by Fed. R. Civ. P. 45(d)(2)(B)(i), Plaintiff has filed such motion to compel in the wrong jurisdiction as such motion is to be filed in the district where compliance is required, which is the Eastern District of Louisiana. *See Rivertree Landing, LLC v. Murphy,* 2007 WL 3333357 (M.D. Fla, Nov. 9, 2007.

## II.    Discovery Dispute

USRIG argues that it is entitled to additional discovery of underlying financial information in Romig's possession, including underlying communications and documents regarding any business between the parties for a period in excess of 11 years. This is contrary to the prior agreement of the parties and, in fact, USRIG's counsel's prior request for documentation from 2009 through 2012.[2]

USRIG's entire argument for production is predicated on the fact that such information actually exists, and that it is somehow relevant to the claims asserted in this trademark case. While USRM maintains that its financial statements regarding the relevant years in question have already been supplemented and produced, Plaintiff's arguments lack any factual or jurisprudential support and USRIG's request for USRM's financial data from Romig is nothing more than a fishing expedition as such requests are not narrowly tailored with any reasonable particularity regarding the information requested.

Additionally, the information requested from Mr. Romig, who is in and was served in New Orleans, Louisiana is being requested to produce documentation in Dallas, Texas which is

---

[1] *See* USRIG's most recent complaint (Rec. Doc. 37).
[2] *See* January 31, 2013 correspondence from Victor Johnson to David Moragas attached hereto as Exhibit "A".
**UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG**
135637.1

well outside the range of subpoena allowed under Fed. R. Civ. P. 45 (c) 2. Further, the Court lacks jurisdiction to hear this motion as it was not filed in the jurisdiction where compliance is required under Fed. R. Civ. P. 45(d)(B)(i), which would be the U. S. District Court for the Eastern District of Louisiana.

### III.   Law and Argument

**A) <u>Objection to the Motion being Heard by this Court.</u>**

Responding Party objects to Plaintiff's Motion to Compel Financial Data By C. Jim Romig ("Motion to Compel") as such motion is required to be filed in the jurisdiction where compliance is required. The subpoena in question, [Dkt. 163-1] was served upon Jim Romig, CPA, at 664 Ross Avenue, Metairie, Louisiana, 70005. Since the subpoena range is limited to 100 miles under Fed. R. Civ. P. (c)(2), compliance cannot be had in Dallas, Texas. As required by Fed. R. Civ. P. 45(d)(B)(i), Plaintiff is required to file such motion for compliance for an order compelling production in "the district where compliance is required." Plaintiff's Motion to Compel was filed in the Northern District of Texas [Dkt. 179]. Compliance of such subpoena is to take place in the Eastern District of Louisiana. As such this court does not have the jurisdiction to compel Mr. Romig and this motion should be denied.

**B) <u>Response to Plaintiff's Motion to Compel.</u>**

Subject to the foregoing objections raised, *supra,* in regards to the documents being compelled by Plaintiff, Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE governs the scope of discovery and provides in part that information that is either relevant or likely to lead to the discovery of admissible evidence is discoverable subject to the limitations contained in Rule 26(b)(2)(C). Further pursuant to Rule 34(b) when a request is made, such request must be "sufficiently particular." *See Mailhoit v. Home Depot, USA, Inc.,* 285 F.R.D. 566 (C.D. Cal.

UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG
135637.1

4

2012). Here, the financial data that USRIG seeks to compel has already, for all intents and purposes, been produced. In addition, USRIG's requests are overly broad, unduly burdensome and not narrowly tailored.

USRIG seeks under Request No. 1 to Romig, production of "all communications related to the compilations of Defendants financial statements." USRIG's requests are not limited in any way to issues related to the mark, or items allegedly sold as a result of the mark, or even limited to profits or losses. Because of this, the request encompasses items or discussions not related to trademark issues or sales related to items from the mark or anything Plaintiff claims it is entitled to as damages. As such, USRIG's requests are overbroad and unduly burdensome. All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A). *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151 (E.D. Pa. 2009). Therefore, USRIG's Motion to Compel this requested item should be denied.

As to Request No. 2, Plaintiff has requested "all documents reviewed… relied upon on or created by your (sic) in your compilation of Defendant's balance sheet, income statements, audited financial statements or unaudited financial statements." After review, USRM stands by its objections but notes that documents reviewed by Responding Party have already been produced under USRM 00177-00181, and as supplemented to Plaintiff under USRM 00501-502. These documents are the Profit and Loss Statements of USRM and are the documents utilized by Responding Party to prepare the income tax returns for USRM. Additionally, the attachments to the income tax returns produced include the asset lists regarding items being depreciated on the specific tax returns. Romig received these lists to include in the returns. These are the only items

that Romig received to prepare the tax returns or financials for USRM. Accordingly, there are no other documents responsive to this request.

As to Request No. 3, all tax returns and financials for the years 2007-2013 have been produced. By agreement of counsel, (*See* attached **Exhibit "A"**) Plaintiffs only required the production of documents for the years 2009-2012. Until the filing of this motion, there was no indication that Plaintiff wanted anything else. Had a proper certificate of conference been held as required under Fed. R. Civ. P. 37(a)(1), these issues could have been discussed and resolved. Instead, Plaintiff chose to file this motion. Responding Party has now produced tax returns for years 2007-2013, and profit and loss statements and balance sheets for years 2007-2013. After a diligent search, Responding Party has no other documents responsive to this request. It is important to point out that the supplemental profit & loss statements that were recently supplemented for the years 2008-2010 contain the same information already produced to Plaintiffs under USRM 00177-181 back in March of 2013.

As to Request No. 5, again as with Request No. 1, Plaintiff has not limited this request to anything remotely related to the dispute in question. Responding Party incorporates the response contained *supra* in Response No. 1, as this request is not limited in any way to issues related to the mark, or items allegedly sold as a result of the mark, or even limited to profits or losses.

Regarding Request No. 6, Responding Party has supplemented its response to include balance sheets and statements of income for years 2007-2010 and 2013. After a diligent search, there are no documents for years prior to what has been produced.

Request No. 7 as with Request No. 1 is not limited in any way, scope or form. Such request is again not limited or related in any way to issues related to the mark, or items allegedly sold as a result of the mark, or even limited to profits or losses. All-encompassing demands that

**UNITED STATES RISK MANAGEMENT, L.L.C.'S OBJECTION, RESPONSE, AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FINANCIAL DATA BY C. JIM ROMIG**
135637.1

6

do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A). *In re Asbestos Products Liability Litigation (No. VI),* 256 F.R.D. 151 (E.D. Pa. 2009). As such, this request should be denied.

As to Request No. 14, after a diligent search, Responding Party has no "QuickBooks" or "Quicken" data in his possession.

As to Request No. 15, there are no draft tax returns and returns for the years 2007-2013 have been produced. After a diligent response, there are no other documents responsive to this request.

In regard to Request No. 16, such request is duplicative of Request No. 2, and responding Party incorporates such response herein as such documents have already been produced or supplemented.

## IV.    Conclusion

Pursuant to Fed. R. Civ. P. 45(d)(B)(i), USRM objects to this court hearing the Motion to Compel. Such hearing should be conducted by the U.S. District Court for the Eastern District of Louisiana. Additionally, USRIG seeks to compel financial data that is either overly broad, is not sufficiently particular as required by the Rules or has already been produced. USRIG's discovery requests and this motion are nothing more than a fishing expedition designed to harass USRM and the Responding Party, which is prohibited by the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Motion to Compel Financial Data by C. Jim Romig should be denied.

Respectfully submitted,

/s/ Joseph Mira
**JOSEPH L. MIRA (State Bar No. 24002614)**
**FORD, NASSEN & BALDWIN, PC**
8080 North Central Expressway, Suite 1600
Dallas, Texas  75206
Telephone:    (214) 523-5132
Facsimile:    (214) 521-4601
jlmira@fordnassen.com

*~and~*

**LARRY G. CANADA (00789087)**
**DAVID M. MORAGAS (*Pro Hac Vice*)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
1301 McKinney Street, Suite 1400
Houston, Texas 77010
Telephone: (713) 599-0700
Facsimile: (713) 599-0777
lcanada@gjtbs.com
rking@gjtbs.com
dmoragas@gjtbs.com
*Counsel for Defendant,*
*United States Risk Management, L.L.C.*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on the 7th day of August, 2014, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

        */s/ Joseph L. Mira*

        **JOSEPH L. MIRA**