IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US RISK INSURANCE GROUP, INC., | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:11-cv-2843-M-BN |
| UNITED STATES RISK MANAGEMENT, LLC, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL PRODUCTION OF FINANCIAL DATA BY C. JIM ROMIG**

Plaintiff U.S. Risk Insurance Group, Inc. has filed a Motion to Compel Production of Financial Data by C. Jim Romig. *See* Dkt. No.179. Defendant United States Risk Management, L.L.C. ,has filed an objection and response, *see* Dkt. No. 186, and Plaintiff did not file a reply. The Court denies the motion because the subpoena under which the production is sought is invalid.

Plaintiff served C. Jim Romig, CPA, with a subpoena commanding the production of documents, primarily financial data concerning Defendant, in Romig's possession. *See* Dkt. Nos. 163-1 & 179-1. The subpoena was issued from the United States District Court for the Eastern District of Louisiana and served on C.Jim Romig, CPA, in Metairie, Louisiana, directing Mr. Romig to produce documents in Dallas, Texas. *See id.* Defendant and Mr. Romig filed responses and objections to the subpoena, *see* Dkt. No. 167, and then Plaintiff filed its motion to compel.

Defendant argues that this Court cannot enforce the subpoena because it does

not comply with the requirements of Federal Rule of Civil Procedure 45. Defendant is correct that the subpoena does not comply with Rule 45 and cannot be enforced but not for the reasons that Defendant states.

Defendant argues that the subpoena compels production of documents beyond Rule 45's geographical limit. Rule 45 designates the place of compliance for the production as "within 100 miles of where the person resides, is employed, or regularly conducts business." FED. R. CIV. P. 45(c)(2)(A). A subpoena requiring a nonparty to produce documents at a place more than 100 miles away is invalid. *See id.* But, while C. Jim Romig may reside and work more than 100 miles from Dallas, Texas, there is no evidence directed to the question whether he regularly conducts business in Dallas, where he is directed to produce the documents. The Court simply does not know the answer to that question but need not decide it because the subpoena is invalid for another reason discussed below.

Defendant also argues that the motion to compel was filed in the wrong court because it was not filed in the district where compliance is required. The subpoena commanded C. Jim Romig to produce the documents in Dallas, Texas. As such, although the subpoena was served on Mr. Romig in Louisiana, the district court for the Northern District of Texas is the court proper court in which to seek relief because subpoena, by its terms, required compliance in Dallas, Texas. *See* FED. R. CIV. P. 45(d)(3)(A)(ii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... requires a person to comply beyond the geographical limits specified in Rule 45(c)."); *see also Synqor, Inc. v. Vicor Corp.*,

2

No. 3:14-mc-79-D-BN, 2014 WL 2519242, at *1-*2 (N.D. Tex. June 3, 2014). The motion to compel was properly filed in this Court.

But the subpoena is invalid because it was issued from the wrong court. Rule 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending." FED. R. CIV. P. 45(a)(2). This action is pending in the United States District Court for the Northern District of Texas, but the subpoena was issued from the United States District Court for the Eastern District of Louisiana. Plaintiff's counsel failed to comply with Rule 45(a)(2) when counsel issued the subpoenas from a court other than the court where the action is pending. A subpoena that violates Rule 45(a)(2)'s requirement is facially invalid and cannot be enforced notwithstanding that a violation of Rule 45(a)(2) is not a ground for quashing or modification listed in Rule 43(d)(3). The subpoena is simply not a valid subpoena, and this Court has no authority to enforce it through a motion to compel under Rule 45(d). *See Rose v. Enriquez,* Nos. SA-13-MC-396-FSR, CV-11-7838-DDP, 2013 WL 2458723, at *2 (W.D. Tex. June 6, 2013).

Plaintiff's Motion to Compel Production of Financial Data by C. Jim Romig [Dkt. No.179] is DENIED.

SO ORDERED.

DATED: August 15, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

3