UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. RISK INSURANCE GROUP, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. 3:11-cv-02843, |
| v. | § § | c/w 11-255-M |
| UNITED STATES RISK MANAGEMENT, L.L.C. | § § § § | |
| Defendant. | | |

**U.S. RISK INSURANCE GROUP, INC.'S**
**RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION**

Plaintiff U.S. Risk Insurance Group, Inc. ("U.S. Risk" or "Plaintiff") files this Response to Defendant United States Risk Management, LLC's ("USRM" or "Defendant") Motion for Clarification [Dkt. 203], and would respectfully show the Court as follows:

**I.   INTRODUCTION**

This Court should deny the Motion for Clarification for at least 4 reasons. First, the asserted objections (couched as "clarifications") have been waived as Defendant failed to timely assert or provide evidentiary support for the objections (1) when responding to U.S. Risk's Request For Production or any amended responses, (2) when responding to U.S. Risk's first motion to compel over a year ago, (3) when responding to U.S. Risk's second motion to compel, or (4) at the hearing before this Court. Second, the Protective Order in this case provides more than adequate protection to any "Security Sensitive Information," customer confidential information, and employee information. [Dkt. 54]. Privacy concerns are simply not at play here. Third, under Rule 34 of the Federal Rules of Civil Procedure, the QuickBooks data must be

1

produced in its native format and the format USRM's maintains it in its normal course of business (and the same format Defendant provides its CPA) and not TIFF images of pages from Kroll (a third party vendor). Fourth, USRM is not required to image the documents into an electronic database, as set forth in the Kroll estimate. Rather, USRM must either produce copies of the documents or make them available for inspection. Defendant cannot shift the cost of production to U.S. Risk contrary to the general practices and principles of the Federal Rules should it desire to image the documents into electronic format. If anything, USRM's behavior in resisting the production of these documents for over a year after the Court issued its order on Plaintiff's first motion to compel indicates that USRM should bear any and all costs.

## II. ARGUMENT AND AUTHORITIES

The time for Defendant to raise these objections has passed. The Court has spoken not once but twice on this issue. Defendant cannot now revive these issues and invoke privileges belonging to others to escape Defendant's obligations under the Rules and the Court's Orders.

### A. Defendant's Objections have been Waived

As the Court pointed out in its order on Plaintiff's second motion to compel "The Court previously ruled on Defendant's objections to the requests for production, *see* Dkt. No. 69 at 7-8, and it will not revisit those objections or entertain new ones, which would be untimely and waived." [Dkt. 200 at 2-3]. The Court also revisited its earlier order to note that "The Court also overruled Defendant's objections that the requests for production were overly broad and unduly burdensome because Defendant failed to carry its burden to make a specific showing as to how disclosure of the requested documents would be burdensome or overly broad." [Dkt. 200 at 1-2]. Defendant cannot revisit the issue now, after not one but two orders overruling its objections.

Defendant could have provided an affidavit such as Mr. Sumner's at any point when responding to the discovery requests, in response to either of Plaintiff's motions to compel or at the Court's hearings on this matter. Defendant failed to do so. The time to do so has passed, and the Court has ruled.

### B.   Confidential Information is Protected by the Protective Order

Defendant also raises the specter of unidentified, unspecified "sensitive security information" without elaboration or any explanation whatsoever as to what that information may entail except that it may pertain to government contracts. Defendant does not indicate that any of this information is classified or invoke the Classified Information Procedures act. Defendant's conclusory assertions are, in short, groundless. There has been no indication that Defendant requires or possesses any security clearance related to its work for an unspecified number of customers for whom it may perform this unidentified sensitive work. Any confidential information in this case is adequately protected by the Court's protective order, which both parties have observed. Defendant is free to designate any or all of the material it produces confidential. [Dkt. 54].

To the extent that any state secrets exist regarding Defendant's work (and it is not at all clear that Defendant is suggesting they do), that privilege belongs to the state, not Defendant. The privilege for state secrets allows the government to withhold information from discovery when disclosure would be inimical to national security. *Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991); *United States v. Reynolds*, 345 U.S. 1 (1953). The privilege may be invoked by the head of a governmental department with responsibility over the matter in question, and the head of the department must give personal consideration to the matter

in question. *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). A government department may intervene in litigation to which it is not a party and assert the privilege, thereby preventing either party in the litigation from obtaining sensitive government information in discovery. *Bareford v. General Dynamics Corp.*, 973 F.2d 1138, 1141 (5th Cir. 1992).

No governmental agency has stepped forward to prevent Defendant from disclosing any security secrets it may possess, let alone supported Defendant's argument. Indeed, USRM has pointed out that it is notifying its clients of this production. If any governmental agencies have valid concerns, they are certainly welcome to raise those concerns on their own behalf. They, not Defendant, are the appropriate party to whom the privilege, if any exists, belongs. Any confidential information Defendant discloses will be adequately protected by the Court's protective order, including any personal information of its employees or confidential information of its clients.

### C. The Rules Do Not Require Defendant to Undertake the Project it Proposes

Under Rule 34 "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Accordingly, Defendant may produce documents as they are kept in the usual course of business. *Hoffman v. L&M ARTS*, Civil Action No. 3: 10-CV-0953-D, at *4 (N.D. Tex. Oct. 2, 2013); *Johnson v. Kraft Foods North America*, 236 F.R.D. 535 (D. Kan. 2006) ("a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner and [] a mere assertion that they were so produced is not sufficient to carry that burden.") Defendant's decision to hire a third party vendor to produce the documents on its behalf is entirely its own.

Plaintiff's entitlement to obtain production from Defendant, especially in the wake of the Court's orders, should not be restrained by the means Defendant chooses to produce documents to Plaintiff.

### D. Defendant Cannot Shift Costs to U.S. Risk

In addition, Defendant urges without any support that Plaintiff ought to bear the costs of Defendant's production. This fails both because the Rules do not contemplate such cost shifting and because Defendant, as explained above, is not required to undertake the project described in the Kroll estimate.

Instead, Defendant's argument is directly contrary to the Federal Rules of Civil Procedure. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("Under [discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests[.]"). This is simple, black letter law. Defendant has identified no compelling reason other than its lack of desire to pay for the production that indicates the procedure here should be any different than that generally associated with document production. Complaints of undue burden and expense would have been properly addressed by a motion for protective order and here, as the Court noted in its second order, Defendant's objections with respect to undue burden have been overruled. Defendant may not revive them through this motion.

### III. CONCLUSION

Defendant's failure to obtain clarity on the Court's rulings following two orders is simply indicative of a larger problem. Defendant does not want to produce this information. The Court's Orders are clear. Defendant must produce the documents identified in the Court's Second Order by August 29, 2014. The Court should not entertain Defendant's invitation for

further delay, a delay purely the result of Defendant's failure over years to produce responsive documents.

Dated: August 26, 2014                              Respectfully submitted,

                                                                                                   _/s/ J. Matthew Sikes_____  
Victor C. Johnson  
State Bar No. 24029640  
Alison R. Ashmore  
State Bar No. 24059400  
J. Matthew Sikes  
State Bar No. 24070622  
Dykema Gossett PLLC  
1717 Main Street, Suite 4000  
Dallas, Texas 75201  
(214) 462-6400 (Telephone)  
(214) 462-6401 (Facsimile)

**COUNSEL FOR PLAINTIFF**
**U.S. RISK INSURANCE GROUP, INC.**

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure 26th day of August, 2014.

                                                                                /s/ *J. Matthew Sikes*_____  
J. Matthew Sikes